UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RONALD WILLIAMS,

                Petitioner,

     - against -

DEP. HILTON, D. VENNETOZZI, and M. PASSAGE,

                Respondents.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-8955 (PKC)

PAMELA K. CHEN, United States District Judge:

On November 22, 2023, *pro se* Petitioner Ronald Williams ("Petitioner"), who is currently incarcerated at Mohawk Correctional Facility, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for robbery in the third degree under Indictment No. 00030/2020 before the Queens County Criminal Court. (Dkt. 1 at ECF 1, 38.)[1] Petitioner's action, which was originally filed in the United States District Court for the Southern District of New York, was transferred to this Court on November 28, 2023. (Dkt. 2.) On January 11, 2024, Petitioner filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. 5.) The Court grants Petitioner's IFP application, but for the reason set forth below, the petition is dismissed without prejudice.

## DISCUSSION

Section 2254 empowers federal courts with the jurisdiction to review petitions for habeas relief only from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States."

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

28 U.S.C. § 2254(a). The statute requires the petitioner to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). Here, Petitioner was sentenced to three and one half to seven years imprisonment on January 3, 2023, and states that his appeal is currently pending. (Dkt. 1 at ECF 1, 3, 11.) Because Petitioner has not exhausted all his available state remedies, his application for federal habeas corpus relief is premature.

## CONCLUSION

For the reasons discussed above, the petition for a writ of habeas corpus is dismissed without prejudice. A certificate of appealability shall not issue because Petitioner does not make a substantial showing of the denial of constitutional right. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 24, 2024
　　　　Brooklyn, New York